United States District Court
Southern District of Mississippi
Jackson, Mississippi



Marshall DeWayne Williams,
Petitioner,

v.

Warden, USP Yazoo, MS.,
Respondent

Civil Case No. 3:18-cv-580-DPJ-FKB
On Petition for Writ of Habeas Corpus, 28 USC 2241.

## Motion for Discovery

Comes now Marshall DeWayne Williams, petitioner, and hereby respectfully moves the honorable court to **grant** discovery limited to and specifically related to the claims and grounds set forth in petitioner's Petition for Writ of Habeas Corpus. In support petitioner states:

### Standard for Granting Discovery In Habeas Corpus

(A) Petitioner must establish a *prima facie* showing of "good cause" that he is entitled to relief (you know, an affidavit at the outset will get the job done according to case law); See <u>Washington v. Davis</u>, 2017 US App. Lexis 25832 (5th Cir. December 20, 2017) (district court abused its discretion in not granting discovery; remanded.).

(B) <u>Wellons v. Hall</u>, 558 US 220 (2010) (habeas petitioner entitled to discovery and evidentiary hearing; remanded.); Citing <u>Cone v. Bell</u>, 556 US 449 (2009) [§2254 case]

(C) <u>Boumediene v. Bush</u>, 553 US 723, 774 (2008) citing <u>Harris v. Nelson</u>, 394 US 286, 299-300 (1969) (interpreting the All Writs Act, 28 USC §1651, to allow discovery in

(Discovery) 1 of 3

habeas corpus proceedings).

(D) Bracy v. Gramley, 520 US 899 (1997) (On habeas (§2254) "abuse of discretion not to permit any discovery, Habeas Corpus Rule 6(a) provides that the scope and extent of discovery is a matter confided to the District Court's discretion.").

(E) Perez v. Stephens, 2016 US Dist. Lexis 119785 (Sept. 6, 2016), citing Ward v. Whitley, 21 F.3d 1355, 1367 (5th Cir 1994) ("A federal habeas court must allow discovery and an evidentiary hearing only where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief." See also United States v. Webster, 392 F.3d 787, 802 (5th Cir. 2004).

## Request for Discovery

(1) In relation to ground one: Petitioner requests specifically copies of the video, officer's statements, photographs, medical records, and any reports, documents or material related to the "being stabbed with a broken broom handle on February 19, 2009, held by the Bureau of Prisons and the F.B.I., Memphis Office, Memphis, TN.

(2) In relation to ground two: Petitioner requests specifically copies of the videos, officer's statements, photographs, medical records, and any reports, documents or material related to the "alleged kidnapping of Secret Service Agent Nevada Gump on August 20, 2009," at BOP facility Big Sandy, Kentucky.

(3) In relation to ground three: Petitioner requests specifically copies of the videos, officer's statements, photographs, medical records, and any reports, documents or material related to the "alleged kidnapping of Steve Nunn on June 04, 2011 at

(Discovery) 2 of 3

the U.S. Marshal's Service contract facility Fayette County Detention Center in Lexington, Kentucky.

(4) In relation to ground four: Petitioner requests specifically *copies* of the videos, officers statements, photographs, medical records, and any reports, documents or material related to the "alleged hijacking of the in-flight Boeing 737 airliner" operated by the U.S. Marshal's Service, Air Transport Division, Oklahoma City, Oklahoma, on December 17, 2012.

## Prayer for Relief

Petitioner respectfully prays that the honorable court order discovery specifically limited to and in support of the claims and grounds set forth by petitioner.

Each ground or claim is supported so far by affidavit, thus, petitioner has met his burden of a "prima facie" showing of "good cause" that he is entitled to relief with no opposing or contradicting affidavit mandating a hearing at this point in the proceedings.

Respectfully submitted this 21st day of August, 2018.

x _Marshall DeWayne Williams_
Marshall DeWayne Williams
U.S. Marshal's Number 14130-077

(Discovery) 3 of 3